IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN GIANNINI | No. C-06-06823-SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 21] |
| SCHERING-PLOUGH CORPORATION, SUTTER MEDICAL CENTER OF SANTA ROSA, and DR. DAMIEN "RANDY" PESTANA, and DOES 1 through 20, inclusive, | |
| Defendants. | |

Currently before the Court is Plaintiff's Motion to Remand [Docket No. 21]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Plaintiff's Motion to Remand.

**BACKGROUND**

Plaintiff Ann Giannini filed this action on October 22, 2003 in Alameda County Superior Court against defendants Schering-Plough Corporation, Dr. Damien Pestana, and Sutter Medical Group, alleging personal injuries arising from her ingestion of the prescription pharmaceuticals Peg-Intron and Rebetol allegedly manufactured by Schering-Plough and prescribed by Dr. Pestana. Opp. at 2:24-25; 3:1-3. The case has been transferred several times. Defendant Sutter Medical first moved to transfer this case from Alameda to Sonoma County. Opp. at 3:6-7. Giannini then had the case transferred to San Francisco County. Opp. at 3:8-9. Defendant Dr. Pestana successfully moved to transfer this case

from San Francisco County back to Sonoma County. Opp. at 3:11-12.

On October 3, 2006, Giannini was granted leave to file a First Amended Complaint. The amended complaint contained new class action allegations. Opp. at 3:15-17. In response, Schering removed the case to federal court on November 2, 2007, under 28 U.S.C. § 1332(d) as amended by the Class Action Fairness Act. Opp. at 3:17-18. However, despite the fact that Schering was removing the case was on the basis of the class action claim, Schering asserted that it "firmly believes both that Plaintiff's class allegations are unwarranted and that Plaintiff will be unable to establish any of the prerequisites to certify a class," and that it would "strenuously oppose any motion for class certification." Docket Report No. 1 at 3:16-22. This Court dismissed the class action allegations at Giannini's request on April 19, 2007. Giannini now moves for remand, arguing that the elimination of the class action allegations makes this Court's exercise of jurisdiction unjustified. Defendant Dr. Pestana has joined in the motion for remand. Docket Report No. 20 at 5:25-28; 6:1-4. Only defendant Schering opposes remand, arguing that because jurisdiction existed at the time of removal, this Court should retain jurisdiction over the remaining state claims even though the claims that formed the basis for removal have been voluntarily dismissed.

## **LEGAL STANDARDS**

The Class Action Fairness Act grants original jurisdiction for any civil action, where 1) the number of members of all proposed plaintiff classes in the aggregate is 100 or more, 2) the claims of the individual class members, in the aggregate, exceed the sum or value of $5,000,000 exclusive of interest and costs, and 3) any member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d). The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court . . . may be removed by the defendant or the defendants" to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. § 1441(a). The removal statute is to be strictly construed against removal and any doubt is resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so

2

related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction is a doctrine of discretion. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172 (1997). District courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) under 1367(c) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,(3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

## ANALYSIS

### I. Mandatory Remand

The plaintiff argues that remand of this case is mandatory, citing *Villano v. Kohl's Dep't Stores, Inc.*, 362 F. Supp. 2d 418 (S.D.N.Y. 2005) and *Bailey v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1415 (N.D. Ala. 1997) to support the contention that the 1988 amendment of 1447(c) effectively overturned the Supreme Court's interpretation of the statute in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). Mot. at 5:4-7. The Court determined in *Carnegie-Mellon* that elimination of federal claims subsequent to removal does not deprive a federal court of jurisdiction, although it may use its discretion to remand. The amended version of Section 1447(c) says, "if at any time...it appears that the district court lacks subject matter jurisdiction, the district court shall remand the case." 28 U.S.C. § 1447(c). The court in *Bailey* interpreted this provision to mean that if changes in plaintiff's contentions following removal result in a loss of the original basis for subject matter jurisdiction, "no discretion remains in the federal court to retain jurisdiction and . . . remand becomes automatic." 981 F. Supp. 1415 at 1416-17. However, the Ninth Circuit has not embraced the *Bailey* view. *See Sparta Surgical Corp. v. Natal Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998); *Millar v. Bart Dist.*, 236 F. Supp. 2d 1110, 1116 (N.D.Cal. 2002). The court in *Sparta Surgical Corp.* asserted that "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal without reference to subsequent amendments," which means that "a plaintiff cannot compel remand by amending a complaint to eliminate the federal

3

question upon which removal was based." *Sparta Surgical Corp.,* 159 F.3d at 1213.  Accordingly, this Court has discretion to determine whether it is appropriate to remand this case to state court.

## II.     Permissive Remand

The court may retain supplemental jurisdiction over state claims even if the federal claims over which it had original jurisdiction are dismissed.  *See Imagineering, Inc. v. Kiewit Pac. Co.,* 976 F.2d 1303, 1309 (9th Cir. 1992); *United Mine Workers v. Gibbs* 383 U.S. 715, 728 (1966); *Brady v. Brown* 51 F.3d 810, 816. (9th Cir. 1995). However, the exercise of supplemental jurisdiction is discretionary, and dismissal is a factor for the court to consider in deciding whether to decline to exercise its supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c)(3); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172 (1997); *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (holding that a district court has discretion to decline to exercise supplemental jurisdiction over nonfederal claims if it has dismissed all claims over which it had original jurisdiction).

Schering argues that remand is impermissible because diversity jurisdiction is not affected by post-removal changes. "Diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction if a party subsequently moves to another state. . . or if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. & Servs. of Md*, 179 F.3d 754, 757 (9th Cir. 1999).  As noted above, this Court's jurisdiction was not automatically divested when the class action claims were dismissed, however it does not follow that remand is impermissible.  In this case, diversity jurisdiction was only established under the minimal diversity requirements for class actions pursuant to CAFA.  As the class action claims have been dismissed, the only basis for retaining jurisdiction is supplemental jurisdiction, which is a doctrine of discretion.  *See International College of Surgeons*, 522 U.S. at 172.   Schering notes that federal jurisdictional rules that fix diversity at the time of removal exist to prevent plaintiffs from manipulating the process to facilitate remand to state court.  It argues that the frequent transfers of this case demonstrate that Giannini is forum shopping. Opp. at 2:3-4, 3:5-9.  However, defendant Sutter Medical Group first moved to transfer this case from Alameda to Sonoma County. Opp. at 3:6-7.  Giannini then had the case transferred to San Francisco County, which was the only time she moved to transfer. Opp.

4

at 3:8-9. Later defendant Dr. Pestana successfully moved to transfer the case from San Francisco County to Sonoma County. Opp. at 3:11-13. Schering then removed the case to this Court, based entirely on class actions claims that it argued were meritless and would strenuously oppose. Docket Report No. 1 at 3:16-22. Giannini's actions do not support the conclusion that she is engaged in forum shopping, and, in fact, Schering's removal, based on class action claims it considered meritless, does not appear to be in good faith.

The Ninth Circuit uses a two-part analysis to determine whether it is appropriate for a court to exercise its discretion to decline supplemental jurisdiction. *See Acri*, 114 F.3d at 1001 ("While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'"). First, a court must look to whether the case falls under one of the four enumerated circumstances under 1367(c). In this case, the Court has dismissed the only claim that served as a basis for jurisdiction, therefore this Court has discretion under Section 1367(c)(3). U.S.C. § 1367(c)(3). Second, the court must consider whether the values of economy, convenience, fairness, and comity will be served by exercising jurisdiction.

### A. Economy

In some cases a court may conclude there has already been so much judicial energy expended in the action to justify retention of jurisdiction over the supplemental claims. *Schneider v. TRW, Inc.* 938 F.2d 986, 994 (9th Cir. 1991). However, this Court's involvement in this case has been minimal. There were no other motions filed by either plaintiff or defendant prior to this motion. This Court has not performed any substantive legal analysis that will need to be duplicated by the state court. Moreover, this case spent over three years in state court prior to its removal to this Court. Accordingly, the factor of judicial economy weighs in favor of remand.

### B. Convenience and Fairness

The Sonoma County Superior Court is located in Santa Rosa, California. Plaintiff Giannini and defendant Dr. Pestana are both Sonoma county residents and prefer to have the case in state court. *See* Joint Case Management Statement [Docket Report No. 20 at 5:25-28, 6:1-4]. Schering offers no reason

5

why it is more convenient or fair to have this case proceed in this Court rather than in state court. The value of convenience would be better accommodated by remanding the case to Sonoma County. A state forum will provide just as fair a proceeding as a federal one, so the factor of fairness cuts markedly in neither direction.

### C.   Comity

Comity is "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways . . . ." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Needless decisions of state law should be avoided as a matter of comity. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The class action claim was the only basis for subject matter jurisdiction. Giannini now proceeds exclusively on her state claims. The factor of comity weighs in favor of remand.

When the balance of judicial economy, convenience, fairness, and comity indicates that a case properly belongs in state court, as when the federal claims have dropped out of the lawsuit in its early stages, the federal court should decline the exercise of jurisdiction. *Executive Software No. America, Inc. v. United States Dist. Ct.*, 24 F.3d 1545, 1552 (9th Cir. 1994). In this case, the values of judicial economy, convenience, fairness, and comity are better served by granting the motion to remand.

### CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand [Docket No. 21] is GRANTED. This case is REMANDED to the Superior Court of the State of California, County of Sonoma. The clerk is directed to terminate any pending matters and to close the file.

IT IS SO ORDERED.

Dated: 6/22/07

SAUNDRA BROWN ARMSTRONG
United States District Judge